THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRELL STEVENSON, :
:
    Petitioner, :
:
v. : Criminal No. 3:12-CR-145
: Civil Action No. 3:18-CV-0057
UNITED STATES OF AMERICA, : (JUDGE MARIANI)
:
    Respondent. :
:

## MEMORANDUM OPINION

### I. INTRODUCTION

In the Memorandum Opinion issued on February 21, 2019, the Court concluded that Petitioner had correctly asserted error related to his multiple convictions and sentences for violations of separate subsections of 18 U.S.C. § 922(g)(1) and § 922(g)(3) ("multiplicity claim"). (Doc. 629 at 27-31.) The Court, therefore, granted Petitioner's 28 U.S.C. § 2255 motion as to his multiplicity claim. (Doc. 630 at 1 ¶ 2.) The Court now addresses the appropriate remedy for Petitioner's successful multiplicity challenge.

### II. BACKGROUND

In the eight-count Third Superseding Indictment, Petitioner was charged in two counts with violations of 18 U.S.C. § 922: Count 6 – Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and Count 7 – Possession of a Firearm while a Fugitive from Justice in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2). (Doc. 415 at 6-7.) Petitioner went to trial on all counts. On October 20, 2014, a jury found him

1

guilty of seven of the eight counts charged, including Counts 6 and 7 for § 922(g) violations. (Docs. 478, 480.) At the April 9, 2015, sentencing, the Petitioner's sentence included 120 months each on Counts 6 and 7 with the terms of imprisonment to run concurrently with one another. (Doc. 568 at 2.) The Court also imposed a special assessment of $100 on each count. (*Id.* at 3.)

The Court found these convictions and sentences multiplicitous based on *United States v. Zareck*, 588 F. App'x 100, 101 (3d Cir. 2014) (not precedential), and decisions upon which it relied: *United States v. Parker*, 508 F.3d 434, 441 (7th Cir. 2007); *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006); and *United States v. Shea*, 211 F.3d 658, 673 (1st Cir. 2000). (Doc. 629 at 27-31.) As noted above, the Court deferred deciding the appropriate remedy. (*See id.* at 31, 54.)

### III. ANALYSIS

Having found the defendant's § 922(g) sentences multiplicitous, *Zareck* vacated the defendant's sentences on the multiple § 922(g) charges and remanded the matter to the district court "to allow that court to impose sentence on whichever subsection it deems appropriate." 588 F. App'x at 101. In so doing, *Zareck* discussed the procedural remedy identified in *Parker* and its reliance on *Ball v. United States*, 470 U.S. 856 (1985), for the proposition that "a multiplicitous conviction must be vacated *regardless* of whether an increased sentence or extra assessment was imposed, based on the stigma, impeachment potential, and effect on future sentencing or parole eligibility." *Zareck*, 588 F. App'x at 101 (citing *Ball*, 470 U.S. 856; *Parker*, 508 F.3d at 441). *Zareck* noted that *Parker* and *Ball* were

2

"consistent with our view that it is impermissible to have multiple convictions for possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1) arising from for a single 'incident' of possession." 588 F. App'x at 101 n.8 (citing *United States v. Tann*, 577 F.3d 533, 537 (3d Cir.2009)).

Because *Zareck* references both the impermissibility of having multiple convictions and sentences in the portion of the decision discussing the appropriate remedy for a section 922(g) violation, 588 F. App'x at 101 & n.8, the Court should address the appropriate remedy for both the convictions on Counts 6 and 7 and the sentences imposed on each.

Regarding multiple § 922(g) convictions, *Parker* remanded the case to the district court with instructions to vacate the sentence on one of the firearm possession counts and merge the two convictions. 508 F.3d at 436. The Court concludes this is an appropriate remedy here. Thus, the Court will merge the conviction for Count 7 into the conviction for Count 6 and vacate the sentence imposed on Count 7. The Court further concludes that the sentence originally imposed on Count 6 continues to be an appropriate sentence for the merged 18 U.S.C. § 922 conviction and, therefore, resentencing is not required.

With this determination, the sentence for Count 6 remains 120 months imprisonment to run concurrently with other terms of imprisonment imposed to the extent necessary to produce a total imprisonment term of 360 months and a special assessment of $100. (*See* Doc. 568 at 2-3.) Because Petitioner was sentenced to concurrent terms of imprisonment, the practical effect of resentencing is that Petitioner's total special assessment of $700

3

which was due immediately (Doc. 568 at 3) is reduced to $600. If Petitioner has paid the amount in full, he is entitled to a refund of $100.[1]

## IV. CONCLUSION

For the reasons discussed above, Petitioner's conviction on Count 7 for a violation of 18 U.S.C. § 922(g)(2) is merged into his conviction on Count 6 for a violation of § 922(g)(1) and the sentence imposed on Count 7 is vacated. The sentence imposed on Count 6 remains 120 months imprisonment to run concurrently with other terms of imprisonment imposed to the extent necessary to produce a total imprisonment term of 360 months and a special assessment of $100. Petitioner's judgment will be modified to reflect this alteration of the judgment imposed on April 10, 2015. (Doc. 568.) An appropriate Order is filed simultaneously with this Memorandum.

Robert D. Mariani
United States District Judge

DATED: 2/22/19

---

[1] Appellate courts have not required district courts to conduct further proceedings to accomplish the corrective measures identified in the text, *Zareck*, 588 U.S. at 101; *Parker*, 508 F.3d at 436, and the Court finds no need to conduct further proceedings here.

4