THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRELL STEVENSON, | : |
| Petitioner, | : |
| v. | : Criminal No. 3:12-CR-145 |
| | : Civil Action No. 3:18-CV-0057[1] |
| UNITED STATES OF AMERICA, | : (JUDGE MARIANI) |
| Respondent. | : |

## MEMORANDUM OPINION
### I. INTRODUCTION

Here the Court considers Petitioner's Motion for Recusal (Doc. 671) which was filed on December 30, 2020. With the Motion, Petitioner Terrell Stevenson seeks the recusal of the undersigned and requests that the case be assigned to a different judge "to avoid the appearance of bias." (*Id.* at 3.) The claimed appearance of bias primarily relates to an evidentiary hearing conducted on March 17, 2020, which the Court scheduled to consider a narrow issue raised in Petitioner's request for reconsideration of the Court's determination regarding his 28 U.S.C. § 2255 motion. (*See* Docs. 639, 671-1.) For the reasons discussed below, the Court concludes that Petitioner's Motion for Recusal ("Motion") is properly denied.

---

[1] Because the Civil Action Number is assigned for statistical purposes only, relevant filings are docketed at 3:12-CR-145 and all docket references in this Memorandum are to the criminal docket number.

## II. BACKGROUND

Due to the extensive background regarding the underlying criminal matter giving rise to Petitioner's 28 U.S.C. § 2255 motion, the Court will focus on facts relevant to the Motion for Recusal. Petitioner's § 2255 motion stems from his October 20, 2014, conviction for numerous drug and firearm offenses as well as Fraud in Relation to Identification Documents. (*See* Docs. 478, 480.) He was found not guilty of one of the eight counts charged in the Third Superseding Indictment, Count Five for Possession of a Firearm in Furtherance of Drug Trafficking Crime. (Docs. 415, 478, 480.) Following his April 9, 2015, sentencing, Petitioner filed a Notice of Appeal. (Doc. 570.) On August 9, 2016, the Court of Appeals for the Third Circuit affirmed his convictions. (Doc. 588.)

Petitioner filed his 28 U.S.C. § 2255 motion on January 9, 2018. (Doc. 593.) Upon review of the fully-briefed motion, the Court determined that expansion of the record pursuant to Rule 7 of the Rules Governing Section 2255 proceedings was warranted. (Doc. 625 at 2.) Specifically, the Court directed the Government to file affidavits to further explicate certain matters. (*Id.*) Following consideration of the affidavits, the Court issued a Memorandum Opinion and Order granting Petitioner's § 2255 motion in part and denying it in part. (Docs. 629, 630.)

On April 1, 2019, Petitioner filed a letter which included a request for reconsideration of the Memorandum Opinion and Order issued on February 22, 2019. (Doc. 636.) By Order of April 3, 2019, the Court issued an Order construing the letter as a motion for

2

reconsideration and specifically allowed him a period of time to respond to the affidavits provided by the Government. (Doc. 637 at 1-2.) Petitioner timely filed his response. (Doc. 638.) Thereafter, the Court determined that an evidentiary hearing on Petitioner's motion for reconsideration was warranted. (Doc. 639.) In the Order setting the hearing, the Court noted that, in exercising its discretion as to whether a hearing was needed, there were credibility determinations at issue related to events which transpired on July 8, 2014, which indicated it would be prudent to hold a hearing on the limited issue of whether Petitioner's trial counsel advised him to reject the offered plea agreement and go to trial. (Doc. 639 at 4.)

After two continuances, the evidentiary hearing was held on March 17, 2020. (Doc. 647.) Petitioner testified by video, and Assistant United States Attorney Michelle Olshefski, the prosecuting attorney, and Gino Bartolai, Petitioner's trial counsel, testified in person. (Doc. 648.)

In consideration of certain statements made by Petitioner at the hearing, the Court determined immediately thereafter that Petitioner was entitled to be represented by counsel at the evidentiary hearing. Accordingly, the Court issued an Order on March 18, 2020, in which the Court stated the following:

> Although Petitioner Terrell Stevenson did not seek counsel to represent him at the Evidentiary Hearing held on March 17, 2020, the Court has determined that he is entitled to appointment of counsel in connection with a hearing on the narrow evidentiary issue identified in the Court's October 22, 2019, Order (Doc. 639 at 3). The Court makes this determination pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United

3

States District Courts which provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." *See also United States v. Iasiello*, 166 F.3d 212, 213 (3d Cir. 1999). Section 3006A addresses the adequate representation of defendants and enumerates when a financially eligible individual must be provided representation. 18 U.S.C. § 3306A(a). Here the Court will assume financial eligibility based on the original Financial Affidavit submitted by Petitioner, the subsequent appointment of CJA counsel, and his Declaration in Support of Request to Proceed In Forma Pauperis which he filed, *though did not sign*, as part of his § 2255 motion dated December 11, 2017. (Docs. 38, 60, 593 at 7-8.) Because Petitioner is assumed financially eligible and was not represented by counsel at the Evidentiary Hearing held on March 17, 2020, the Court will not consider the testimony and argument presented therein.

Despite this determination, the Court will not appoint counsel for evidentiary hearing purposes pursuant to Rule 8(c) at this time because another matter requires preliminary attention. Specifically, a review of the docket regarding Petitioner's 28 U.S.C. § 2255 filing reveals that Petitioner did not receive an election notice pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). Therefore, under separate Order issued this date, the Court will provide Petitioner with the Notice of Election which allows him to choose whether he wants the Court to rule on his current habeas petition as filed or he wants to withdraw it so that he can file an all-inclusive petition within the one-year statutory period.

If Petitioner chooses to have the Court proceed with consideration of his petition as filed, upon receipt of his Notice of Election indicating this choice, the Court will appoint an attorney to represent Petitioner at an evidentiary hearing which will be scheduled as soon as practicable following receipt of his Notice of Election. As set out in the Court's October 22, 2019, Order, the evidentiary hearing will be limited to the issue of whether Petitioner's counsel advised him to reject the offered plea agreement and go to trial. (*See* Doc. 639 at 3.)

If Petitioner chooses to withdraw his motion so that he can file one all-inclusive motion within the one-year limit for filing such a motion, the Court will address the new petition in accordance with the Rules Governing Section 2255 Proceedings and other relevant authority.

4

(Doc. 650 at 1-3.) The Court specifically stated the following:

1. The Court will not consider the testimony and argument presented at the March 17, 2020, Evidentiary Hearing;

2. A determination regarding the scheduling of an evidentiary hearing and appointment of counsel for such hearing will be held in abeyance pending Petitioner's filing the Notice of Election issued this date;

3. The Clerk of Court shall mail this Order to Petitioner via First Class Mail;

4. The United States Marshal shall hand-deliver this Order to Petitioner at his current place of incarceration, Lackawanna County Prison, 1371 North Washington Avenue, Scranton, Pennsylvania.

(Doc. 650 at 3-4.) On the same day, the Court issued an Order granting Petitioner leave to withdraw his pending § 2255 petition raising all grounds for relief from his conviction, and provided him with a Notice of Election and 45 days from the date of the Order to make his election. (Doc. 651.)

On April 2, 2020, Stevenson returned the Notice of Election indicating that he elected to have the Court rule on his petition as filed. (Doc. 652). By Order of May 19, 2020, the Court appointed Carl J. Poveromo, Esquire, to represent Petitioner, and afforded him additional time to review all information ahead of a new evidentiary hearing which would be scheduled for a later date. (Doc. 656). By Order of November 10, 2020, the Court scheduled an evidentiary hearing for February 4, 2021, and limited the hearing to the sole issue regarding advice of counsel. (Doc. 664).

On December 11, 2020, Cheryl J. Sturm, Esquire, filed a Notice of Appearance entering her appearance for Petitioner. (Doc. 666.) On the same day, Ms. Sturm filed a

5

Motion for Substitution of Counsel seeking to substitute herself for Mr. Poveromo (Doc. 667), and Mr. Poveromo filed a motion to withdraw as counsel for Petitioner (Doc. 668). By Order of December 16, 2020, the Court issued an Order substituting Ms. Sturm as counsel for Petitioner. (Doc. 670.)

As noted above, the Motion for Recusal was filed on December 30, 2020, with a supporting brief attached. (Docs. 671, 671-1.) The Government filed a brief in opposition on January 8, 2020, and Petitioner filed a reply brief on January 11, 2020. (Docs. 672, 673.) Therefore, the matter is fully briefed and ripe for disposition.

### III. ANALYSIS

Petitioner asserts that recusal is appropriate because alleged improprieties which occurred in connection with the evidentiary hearing held on March 17, 2020, present the appearance of bias. (Doc. 671-1 at 3.) The Government responds that an appearance of bias or impartiality cannot be ascertained in Petitioner's allegations. (Doc. 672 at 12.) The Court concludes that the alleged bases for the appearance of bias do not support recusal.

The standard governing this Motion for Recusal is set out in 28 U.S.C. § 455 which addresses the disqualification of judges and includes the following grounds for recusal:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455.

In his reply brief, Petitioner confirms that he seeks recusal only based on the appearance of bias. (Doc. 673 at 1.) Therefore, the Court will focus on § 455(a) and consider whether alleged grounds for the appearance of bias objectively produce the appearance of bias against Petitioner.

As explained by the United States Supreme Court, 28 U.S.C. § 455 requires "bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Edelstein v. Wilentz,* 812 F.2d 128, 131 (3d Cir.1987) (citing *United States v. Dalfonso,* 707 F.2d 757, 760 (3d Cir.1983)); *Selkridge v. United of Omaha Life Ins. Co.,* 360 F.3d 155, 167 (3d Cir.2004). Under § 455(a),

> "[d]iscretion is confided in the district judge in the first instance to determine whether to disqualify himself because the judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion," particularly when "the district court judge has presided over (i) an extraordinarily complex litigation (ii) involving a multitude of parties (iii) for an extended period of time."

*United States v. Ciavarella,* 716 F.3d 705, 720 (3d Cir. 2013) (quoting *In re Kensington Int'l Ltd.,* 353 F.3d 211, 224 (3d Cir.2003)).

7

Petitioner provides the following rationale for his claim that recusal is necessary in this case:

> Mr. Stevenson's 2255 Motion was already denied once by the Court. The Court then presided over an evidentiary hearing where witnesses testified and exhibits were introduced, all without an attorney for Mr. Stevenson. The Court allowed AUSA Olshefski to violate the advocate-witness rule. The bell cannot be un-rung. There is an apparent bias in that the public could reasonably question that the judge who presided over an evidentiary hearing conducted when Mr. Stevenson was unrepresented could entirely dismiss from his memory the testimony and exhibits produced at the hearing. There is an appearance of bias in that the public could reasonably question that the judge who already denied the 2255 Motion, and later conducted an evidentiary hearing has already made up his mind about the outcome of a second evidentiary hearing. There is an appearance of bias in that the public could reasonably question that there is no possibility of a fair and impartial hearing by a judge who violated Rule 8(c) of the Rules Governing Section 2255 Motions and the [sic] allowed violation of the witness advocate rule.

(Doc. 671-1 at 3.)

These allegations do not support an objectively reasonable appearance of bias. Insofar as Petitioner references the denial of the 28 U.S.C. § 2255 motion as support for an appearance of bias at this later stage of the proceedings, a claim of an appearance of lack of impartiality based on a judge's unfavorable legal rulings does not support a basis for recusal. *See, e.g., In re TMI Litigation*, 193 F.3d 613, 728 (3d Cir. 1999). Because unfavorable rulings occur throughout the course of litigation, "no reasonable man knowing all the circumstances would harbor doubts concerning the judge's partiality," *Edelstein,* 812 F.2d at 131, based on an unfavorable ruling explained in an extensive Memorandum Opinion which also provided the Petitioner a favorable ruling. (*See* Docs. 629, 630.) The

fact that the Court sought to expand the record before rendering a decision on Petitioner's § 2255 motion (Doc. 625 at 2) further supports this conclusion.

To consider a reasonable person's perception of the undersigned's partiality based on "all the circumstances," *Edelstein*, 812 F.2d at 131, the Court's course of conduct following disposition of the § 2255 motion is relevant. Following the February 21, 2019, issuance of the Memorandum Opinion and Order granting Petitioner's § 2255 motion in part and denying it in part, the Court construed Petitioner's April 1, 2019, letter (Doc. 636) to be a timely filed motion for reconsideration and allowed him an opportunity to present additional evidence. (Doc. 637.) After receiving additional evidence, the Court concluded that an evidentiary hearing was warranted. (Doc. 639.) Though the Court allowed Petitioner to represent himself at the hearing, upon recognizing Petitioner's right to counsel at an evidentiary hearing and his entitlement to other rights, the Court immediately issued an Order seeking to address the issues and provide Petitioner with all he was due.[2] (Doc. 650.) The Court also unequivocally stated that testimony and argument presented at the March 17, 2020, hearing would not be considered. (Doc. 650 at 3.)

After confirmation from Petitioner that he intended to proceed with his § 2255 motion as filed (Doc. 652), the Court appointed Carl J. Poveromo, Esquire, to represent Petitioner on May 19, 2020. (Doc. 656.) The Court afforded counsel time to review information before

---

[2] Petitioner states that he requested counsel in his 28 U.S.C. § 2255 motion. (Doc. 671-1 at 1.) The Court does not dispute this assertion but notes that Petitioner's right to counsel in conjunction with his motion did not arise until the Court determined that an evidentiary hearing was warranted. 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c) of the Rules Governing Section 2255 Proceedings.

9

scheduling another evidentiary hearing. (Doc. 656.) During the six-month duration of his representation of Mr. Stevenson, Mr. Poveromo did not provide any indication that there was an appearance of bias on the part of the undersigned. With an evidentiary hearing scheduled for February 4, 2021, Petitioner secured private counsel, Cheryl Sturm, Esquire, and Mr. Poveromo withdrew as Petitioner's attorney. (Docs. 664, 666-68, 670.)

While the Court does not contend that this procedural history demonstrates that the case has proceeded flawlessly, given "all the circumstances," *Edelstein*, 812 F.2d at 131, the Court cannot conclude that it supports an objectively reasonable appearance of bias. No evidence suggests that the Court acted to undermine Petitioner's rights. Rather, at every turn, the Court has sought to provide Petitioner with the rights he is due. Where the Court recognized that Petitioner had not, in the first instance, been appointed counsel to represent him at the evidentiary hearing and had not received a notice of election related to his § 2255 motion, the Court promptly and unequivocally sought to correct those issues. (Docs. 650, 651.) To accept Petitioner's suggestion that an appearance of bias attaches whenever a Court reconsiders a matter or corrects a recognized error would be antithetical to the efficient administration of justice and provide an opportunity for litigants to seek recusal as a matter of routine.

Further, as recognized in *Ciavarella*, this is a case where the Court's discretion to consider the need for recusal under § 455(a) is broad in that the undersigned has presided over a complex case involving multiple indictments; the case involved eight defendants;

and, having begun in 2012, the case has lasted for "an extended period of time." *Ciavarella*, 716 F.3d at 720.

Petitioner's claim that an appearance of bias arises from the alleged violation of the witness-advocate rule (Doc. 671-1 at 3; Doc. 673 at 3) does not present a basis for recusal. First, Local Rule 43.1 of the Local Rules of Court of the Middle District of Pennsylvania, upon which Petitioner initially relies (Doc. 671-1 at 2), does not support the claimed error. L.R. 43.1, found in the Chapter of the Local Rules concerning "Trials," is titled "Civil Trials, Attorney as Witness" and provides that "[i]f an attorney for any party becomes a witness on behalf of a client and gives evidence upon the merits of the case the attorney shall forthwith withdraw as trial counsel unless, upon motion, permitted to remain as trial counsel by the court." As stated in *Javorski v. Nationwide Mutual Ins. Co.*, Civ. A. No. 3:06-CV-1071, 2006 WL 3242112 (M.D. Pa. Nov. 6, 2006), "it is appropriate to read Rule 43.1 in the context in which it is presented in the Local Rules--it is a rule in the "Trials" chapter of the Local Rules, and we will interpret "witness" in the rule to mean witness at trial." *Id.* at *9. Because there was no violation of the rule, a reasonable person knowing all the circumstances would not consider that Ms. Olshefski's evidentiary hearing testimony presented an appearance of bias on the part of the undersigned. Petitioner also cites *United States v. Birdman*, 602 F.2d 547, 553-54 (3d Cir. 1979), in support of his claim of the appearance of bias based on Ms. Olshefski's testimony. (Doc. 671-1 at 2.) However, *Birdman* does not provide support for the proposition that the AUSA improperly testified. Like L.R. 43.1, *Birdman* addresses

11

the dual prosecutor/witness role before a lay factfinder. *Id.* at 551-53. Notably, the risks identified in conjunction with the dual role largely focus on the confusion such a role may create for a lay juror and the hypothesis that a "jury naturally gives to the evidence of the prosecuting attorney far greater weight than to that of the ordinary witness." *Id.* at 553-54 (internal quotation omitted). This risk is non-existent in an evidentiary hearing where the district judge alone assesses the evidence presented.

Petitioner's reliance on Rule 3.7 of the Pennsylvania Rules of Professional Conduct (Doc. 673 at 4) is similarly unavailing. Rule 3.7 provides in pertinent part as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification of the lawyer would work substantial hardship on the client[.]

Rule 3.7 of the Pennsylvania Rules of Professional Conduct. Comments to Rule 3.7 provide support for the conclusion that the rule does not apply in an evidentiary hearing where neither jury confusion nor the lawyer/client relationship is at issue.

> [1] Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client.
>
> [2] The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's

> rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

*Id.*

Because Rule 3.7 addresses attorney conduct in the course of trial and the identified risk of confusion is not an issue where a United States District Court judge is the factfinder at the evidentiary hearing, Petitioner improperly extends attorney conduct prohibited at trials to evidentiary hearing proceedings. Thus, the claimed violation of Rule 3.7 presents no basis to conclude an appearance of bias occurred in conjunction with the AUSA's testimony at the evidentiary hearing at issue here.

Finally, Petitioner's argument in his reply brief that Ms. Olshefski's continuing participation in this case presents "an appearance of bias on the part of the Court in allowing a clear violation of the advocate-witness rule" (Doc. 673 at 4) is without merit for the same reason as that discussed above. With no violation of any rule, no reasonable person would perceive bias on the basis alleged.

## IV. CONCLUSION

Based on the foregoing analysis, the Court concludes that Petitioner has presented no basis for recusal. Therefore, the Court will deny the Motion for Recusal (Doc. 671). A separate Order is filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge